The question involved relates to the interpretation of the will of Gustav Darmstaetter and the right of plaintiff and appellant, Gene Darmstaetter, to share in his estate.
Gustav Darmstaetter left a last will and testament in which he provided:
"1. To my daughter, Olga Darmstaetter, if she survives me I give and devise 1,000 shares, par value $10,000, of the capital stock of the West Side Brewery Co. Limited, a partnership association created by the laws of Michigan, of Detroit, Michigan, if she does not survive me, but leaves issue surviving me, then I give and devise said 1,000 shares to such issue and if she dies before I do without surviving issue, then said 1,000 shares shall be part of the residue of my estate.
"2. To my daughter, Yola Darmstaetter, if she survives me, I give and devise 1,000 shares of the capital stock of said West Side Brewery Co. Limited, if she does not survive me, but leaves issue surviving me, then I give and devise said 1,000 shares to such issue, and if she dies before I do without surviving issue, then said 1,000 shares shall be part of the residue of my estate.
"3. To my son, Donald Darmstaetter, if he survives me, I give and devise 1,000 shares of said capital stock, of said Brewery Co. Limited; if he does not survive me but leaves surviving issue, then I give and devise said 1,000 shares to such issue, and if he dies before I do without issue surviving me, then *Page 598 
said 1,000 shares shall be part of the residue of my estate."
Subsequently Donald Darmstaetter, the son of deceased, died, and deceased adopted Gene Darmstaetter under the statute of adoption. April 29, 1914, Gustav Darmstaetter made a codicil to his will in which he recited:
"1. My son, Donald Darmstaetter has died and I have adopted Gene Darmstaetter as my son. To provide for my said adopted son, I hereby give, devise and bequeath to my wife, Charlotte Darmstaetter 1,000 shares of the capital stock of the West Side Brewery Co. Limited, and $50,000 in cash or securities, in trust, for the following purposes, viz: Until my said adopted son arrives at the age of 25 years all income from the property mentioned in this paragraph shall belong to and be the property of my said wife. She however shall furnish said adopted son proper maintenance and educate him. When said adopted son becomes 25 years of age the property mentioned in this paragraph shall belong to and be given to said adopted son. If he dies before becoming 25 years of age and leave surviving issue, then said property shall be used for the widow and issue of said adopted son as he may by will direct. If he die before arriving at the age of 25 years and leave no issue surviving him then the property herein mentioned shall be a part of the residue of my estate and be disposed of as provided in paragraph 5 of my said will; if my said wife die before our said adopted son becomes 25 years of age, then from and after her death all income from said property is hereby given to said adopted son, if living, and to his issue surviving him, if any, until such time as my said adopted son shall if living become 25 years of age, or if he be deceased until he would have arrived at that age, and thereafter as said adopted son may by will direct." *Page 599 
The statute (3 Comp. Laws 1929, § 15955 [Stat. Ann. § 27.3154]), upon the completion of adoption proceedings, provides:
"Whereupon such child shall, in case of a change of name, thereafter be known and called by said new name, and the person or persons so adopting such child shall thereupon stand in the place of a parent or parents to such child in law, and be liable to all the duties and entitled to all the rights of parents thereto, and such child shall thereupon become and be an heir-at-law of such person or persons, the same as if he or she were in fact the child of such person or persons."
The question is whether or not Gene Darmstaetter is entitled by reason of being an heir-at-law of Gustav Darmstaetter, deceased, to share in his estate in addition to taking his share under the provisions of the will of such deceased. The intention of the testator, so long as the will is legal, is the cardinal rule of construction, and the question in this case is what Gustav Darmstaetter intended by his will. He provided (a) "If my said wife, marry, then at such marriage this bequest to her shall cease, and said residue and remainder of my estate is given and devised to my heirs, the children above named;" and (b) "At the death of my said wife, if she does not remarry, said remainder is hereby given and devised to our children then living and the issue of any deceased child or children." The will of Gustav Darmstaetter was complete in itself at the time it was made and executed. At the time such will was made, January 7, 1910, plaintiff, Gene Darmstaetter, had not yet been born and had, of course, not been adopted. In the codicil to the will in question, the testator set up the fact that Donald Darmstaetter had died and that he had adopted Gene Darmstaetter as *Page 600 
his son. He then provided "to provide for my said adopted son," 1,000 shares of the capital stock of the West Side Brewery Company, Ltd., and $50,000 in cash or securities were given to his wife, Charlotte Darmstaetter, in trust, for the following purposes:
"Until my said adopted son arrives at the age of 25 years all income from the property mentioned in this paragraph shall belong to and be the property of my said wife. She however shall furnish said adopted son proper maintenance and educate him. When said adopted son becomes 25 years of age the property mentioned in this paragraph shall belong to and be given to said adopted son. If he dies before becoming 25 years of age and leave surviving issue, then said property shall be used for the widow and issue of said adopted son as he may by will direct. If he die before arriving at the age of 25 years and leave no issue surviving him then the property herein mentioned shall be a part of the residue of my estate and be disposed of as provided in paragraph 5 of my said will; if my said wife die before our said adopted son becomes 25 years of age, then from and after her death all income from said property is hereby given to said adopted son, if living, and to his issue surviving him, if any, until such time as my said adopted son shall if living become 25 years of age, or if he be deceased until he would have arrived at that age, and thereafter as said adopted son may by will direct."
There is no question but that under the statute of adoption Gene Darmstaetter was entitled to share in the property of the deceased in the absence of a will, but there is nothing in the fact that plaintiff was adopted that in any way prevented Gustav Darmstaetter by an apt provision of his will from disinheriting him. Under the language of the will in question, Gustav Darmstaetter provided for his children, Olga, Yola and Donald Darmstaetter. He made provision *Page 601 
in his will that upon the death of his wife the property should go to his children. Gene Darmstaetter under the terms of the codicil is expressly mentioned as an adopted child. Provision was made for him to the extent of giving him $50,000 in money or securities when like provision was not made for the other children of the deceased. It is admitted not only that he took the 1,000 shares of stock of the West Side Brewery Company, Ltd., but that he had and received the benefit of the $50,000 in money and securities which had increased to substantially more than $50,000 at the time it was received. If the construction be placed upon this will as contended for by Gene Darmstaetter, he will have secured from said estate $50,000 in cash and securities, and the proceeds thereof, in addition to the amount received by the other children of Gustav Darmstaetter under the will. We are satisfied from the situation of the deceased at the time the will was made and at the time of his death that it was not the intention of Gustav Darmstaetter to give to his adopted son, Gene Darmstaetter, any other or further share in his estate than that indicated by the codicil to his will.
The order entered by the probate court of Oakland county appointing David Levinson administrator de bonis non with the will annexed of the estate of Gustav Darmstaetter, deceased, is set aside. The petition of Gene Darmstaetter for appointment of an administrator de bonis non is dismissed. Appellees to recover costs against petitioner to be taxed.
BUSHNELL, C.J., and SHARPE, CHANDLER, NORTH, McALLISTER, WIEST, and BUTZEL, JJ., concurred. *Page 602