SAMUEL BAIRD, Appellant, v. FLOYD C. JOHNSTON et al., Appellees.

No. 45369.

APRIL 8, 1941.

E. S. Simpson, for appellant.

Thomas E. Perry and Hicklin & Hicklin, for appellees.

GARFIELD, J.—Plaintiff-appellant owned farm lands on both sides of a public highway. In 1934 defendant-appellee Board improved the highway to a width of 66 feet. Appellant had previously upon due notice refused to set his fences back to lines 33 feet from either side of the center line of the road. It

is agreed that the single question presented is whether the road prior to 1934 was but 33 feet wide as claimed by appellant, or 66 feet wide as contended by appellee. If the road was but 33 feet in width, appellee must acquire by condemnation the land needed for widening the right of way, and appellant is entitled to the relief sought. However, if the road was in fact 66 feet wide, as the trial court held, appellee was entitled to improve and utilize it to its full width and appellant cannot complain of the Board's action in so doing.

The road in question was established in 1856. At that time the power to establish roads and highways (and we use the two terms interchangeably in this opinion) rested in what was then the county court under chapter 38, Code of 1851. That chapter provided for the filing of a petition for the establishment of a road, a hearing thereon pursuant to notice, and appointment by the court of a commissioner "to examine into the expediency of the proposed road and to report accordingly." If the report was favorable, after further notice and hearing, the court could establish the road.

The important statute in this case is section 515, chapter 38, Code of 1851, which provided: "County and state roads hereafter established must be sixty-six feet in width unless otherwise specially directed, but the court may for good reasons fix a different width not less than thirty-three feet."

The petition for the road in question was by one O. P. Mickey and numerous others and provided:

"To the County Judge of Louisa County,
"We the undersigned citizens of Louisa County ask the appointment of a commissioner to lay out and establish a County Road 33 feet in width beginning," (etc., describing the proposed course.)

The county court's order appointing the commissioner provided:

"To Aaron D. Hurley, Esr.
"Sir, you are hereby appointed a Commissioner to view and locate a County Road 33 ft. wide if in your opinion the Public good require the location of the same. Commencing" (etc., describing the course of the road as in the petition.)

The report of the commissioner to the county court recommended the road as described in the petition but made no mention of its width. The order of court establishing the road reads as follows:

"County Court May 5," 1856.
In the Matter of the road petitioned for by O. P. Mickey and others.

"Now on this 5th day of May 1856 comes into Court O. P. Mickey and presents his petition for a County road as follows to be 33 feet wide, beginning" (here the course of the road is described as in the petition.)

"The court after a full examination in the premises and being satisfied the necessary prerequisitions had been complied with, appoints A. D. Hurley Commissioner to view said road, and to report to this court at his most earliest convenience. Who reports his doings hereon to the effect that said road should be established and the first Monday in May being set for final hearing."

"And now comes this road case, and after a full examination in the premises, and no objections being made to the locating of *said* road, The Court orders that *the same* be established and placed upon the road record." (Italics supplied.)

Does the above order, fairly construed, specially direct or fix the width of this road at 33 feet within the permission expressly granted by the above-quoted section 515 of the Code of 1851? We are agreed that it does and that the trial court erred in holding that the legal effect of the order was the establishment of a highway "of the statutory width of 66 feet."

It seems to us that the terms "said road" and "the same" in the final paragraph of the order plainly refer back to the road previously described in the earlier paragraph of the record, including the words indicating the width of the road as 33 feet. Any other construction would render the order incomplete and meaningless. Appellee, in effect, would have us construe the order as referring back to the previous description of the course of the road, but not to its width. We see no basis for so doing. The statement of the width is as much a part of the description

164

of the road to which reference is made as the statement of its course.

■ Such terms as "said road" and "the same" found in 'the order are in common use and have a well-understood meaning. "Said" is a word of reference and means "before mentioned," "already spoken of," "aforesaid;" it refers to an appropriate antecedent. 38 Words and Phrases, pages 25, 26. The expression "the same" also refers to something previously mentioned. Words and Phrases, Vol. 38, page 207, Vol. 41, page 548. These terms as used in the final paragraph of the order refer back to the described road "33 feet wide." If the order was effective to establish the road over the course previously stated in the record, as appellee concedes, it just as clearly fixed the width at 33 feet, as appellant contends.

■ Appellee argues that the different paragraphs of the road record above quoted were not made on the same date and cannot be construed together. The original record has been certified to us and we have carefully examined it. The quoted record entry all appears in longhand on the same page under date of May 5, 1856, and gives every appearance of having been prepared at the same time. There is no evidence to the contrary.

For a case which sustains the above conclusion, see State v. Schilb, 47 Iowa 611.

That mandamus will lie to compel the institution of condemnation proceedings where land has been taken for road purposes without authority of law and without compensating the owner, see Dawson v. McKinnon, 226 Iowa 756, 770, 285 N.W. 258.

For the entry of a decree in harmony with the foregoing, the case is reversed and remanded.—Reversed and remanded.

All JUSTICES concur, except HALE, C. J., who takes no part.