TONNELIER *v*. WESTIN.

1. Wills—Construction.
   A will should be construed so as to carry out the testator's intent if it is lawful and the language of the instrument so permits.

2. Same—Intent.
   In order to ascertain a testator's intent, the court must look to the four corners of the will.

3. Same—Construction Conforming to Laws of Inheritance..
   If the words of the will permit, the construction conforming with the laws of inheritance should be favored.

4. Same—Construction.
   All the words in a will must be taken into consideration when construing it.

5. Same—Construction—Residuary Clause—Children of Brother Deceased When Will Executed.
   Children of testator's brother who had died before making of will which failed to mention either the plaintiffs, children of the deceased brother, or the deceased brother, were excluded

from participation by provision of residuary clause wherein widow had life estate with remainder over to testator's brothers and sisters surviving at death of widow and are not included by subsequent clause that if any of *said* brothers or sisters were deceased at death of wife, leaving child or children, such child or children should take the portion of said deceased parent.

6. WORDS AND PHRASES—SAID.

The word "said" is a word of reference and means "before mentioned," "already spoken of," "aforesaid," when used so as to refer to an appropriate antecedent.

Appeal from Berrien; Evans (Fremont), J. Submitted April 14, 1942. (Docket No. 38, Calendar No. 41,919.) Decided June 10, 1942.

Bill by Rose Tonnelier and others against Edward A. Westin, administrator *de bonis non* with will annexed of the estate of Henry R. Tonnelier, deceased, and others for the construction of a will. Decree for defendants. Plaintiffs appeal. Affirmed.

*Francis J. Miller* and *Hubert R. McClenahan*, for plaintiffs.

*White & White*, for defendants.

BUTZEL, J. Henry R. Tonnelier died July 29, 1938, leaving a last will executed October 19, 1935, which was duly admitted to probate. It is divided into five "Items." Item 1 provides for payment of debts and Item 5 for the appointment of testator's wife as executrix. Item 2 provides for seven legacies of $2,000 each to testator's seven brothers and sisters, named by testator and all of whom were living at the time the will was made. The will does not mention Joseph Tonnelier, a deceased brother of testator and the father of the three plaintiffs in the instant case. He had died previous to the

making of the will. It does not mention plaintiffs. It does, however, provide that in case any of the seven mentioned brothers and sisters should predecease testator or die before the disposition of his estate without children surviving them, then, in such event, the provision for such deceased brother or sister shall pass to and vest in the surviving brothers and sisters, to be divided equally between them share and share alike.

Item 3 devises a life estate in the residue of testator's estate to testator's wife, provides that she shall have the personal custody, management and possession of the property, the use, profits and income and as much of the principal as may be necessary for her adequate, comfortable and convenient support. It gives her power to sell the real estate and other securities, and complete power of management, sale and reinvestment.

The word "said" is frequently inserted in legal documents for the purposes of clarity and brevity but often has the opposite effect and leads to difficulty. In quoting Item 4 we have italicized the word "said," which is largely the cause of the present litigation:

"At the decease of my *said* wife, I give, devise and bequeath all my remaining property, of every kind and nature, both real and personal, to my brothers and sisters then surviving at the death of my *said* wife, to be divided equally between them, share and share alike. If any of my *said* brothers or sisters have deceased at the death of my *said* wife, leaving child or children, such child or children to take the portion of said deceased parent. However, if any of my brothers and sisters have deceased preceding the death of my *said* wife, leaving no child or children, the portion of such deceased brother or sister shall abate and become void and such portion shall pass to and become a part of my

residuary estate to be divided between my residuary legatees and devisees as hereinabove provided."

In considering Item 4, we are not unmindful of the fact that neither Joseph Tonnelier, the deceased brother, nor plaintiffs are mentioned in Item 2. There is no specific provision in any other portion of the will in regard to the three plaintiffs herein. They claim, however, that they are entitled to share in the residue under Item 4. Jane Tonnelier, the widow, died June 8, 1940. Edward A. Westin was appointed administrator *de bonis non* with the will annexed. He and six of the brothers and sisters mentioned in Item 2, all of whom are living, are defendants herein. The seventh brother mentioned in Item 2 is not contesting this claim. Plaintiffs, as children of the deceased brother Joseph, claim that under Item 4 they are entitled to a one-eighth interest in the residue and have filed the bill in the instant case for construction of the will. They base their claim on the wording of Item 4, and particularly the first two sentences thereof. Obviously they are not in the class mentioned in the first sentence of Item 4, which states that upon the death of his wife the residue, both real and personal, is to go to his brothers and sisters surviving at the death of his *said* wife, to be divided equally between them, share and share alike. This provision, however, is followed by the sentence:

"If any of my said brothers or sisters have deceased at the death of my said wife, leaving child or children, such child or children to take the portion of said deceased parent."

Plaintiffs claim that the word "said" in this sentence should be deleted; that it must have been inadvertently inserted by the scrivener, who used

the word "said" frequently in referring to testator's wife.

Counsel call attention to familiar rules of construction, so firmly established as to no longer need citation of authority. The will should be construed so as to carry out the testator's intent if it is lawful and the language of the instrument so permits. In order to ascertain such intent, the court must look to the four corners of the will. If the words of the will permit, the construction conforming with the laws of inheritance should be favored. In the last analysis, however, all the words in a will must be taken into consideration. The word "said" may be very important. As was stated in *Baird* v. *Johnston*, 230 Iowa, 161 (297 N. W. 315):

"Such terms as 'said road' and the 'same' found in the order are in common use and have a well understood meaning. 'Said' is a word of reference and means 'before mentioned,' 'already spoken of,' 'aforesaid;' it refers to an appropriate antecedent. 38 Words & Phrases (Perm. Ed.), pp. 25, 26."

In view of the wording of the will, it becomes unimportant whether the children of a brother who died previous to the making of the will would be in the same class as brothers and sisters who were living at the time the will was drawn. We, therefore, need not discuss *Anderson* v. *Wilson*, 155 Iowa, 415 (136 N. W. 134), and other cases so strongly stressed by plaintiffs, nor *In re Turner's Estate*, 208 N. Y. 261 (101 N. E. 905, Ann. Cas. 1914D, 245), and the cases to which defendants call our attention.

The trial judge held that the first sentence of Item 4 in which the residue is left to the brothers and sisters surviving at the death of the wife, absolutely, effectually excluded the children of a brother who had died prior to the making of the will; that the second sentence of Item 4 referred

to brothers and sisters who when the will was drawn had a chance to survive the wife, or, as appellees state, who had a possibility of such survival. While not conclusive, we cannot overlook Item 2 of the will, wherein neither plaintiffs nor their deceased father are mentioned, nor do we overlook the fact that the second sentence of Item 4 is clumsily drawn.

Construing the will in its entirety, we come to the conclusion that plaintiffs were excluded in the will. The decree of the trial court to this effect is affirmed, with costs to defendants.

Chandler, C. J., and Boyles, North, Starr, Bushnell, and Sharpe, JJ., concurred. Wiest, J., took no part in this decision.