PARRISH *v.* VAN DOMELEN.

1. WILLS—LEGACIES TO SUBSCRIBING WITNESSES.

Devises, legacies and gifts in a will to subscribing witnesses
are wholly void unless there are 2 other competent subscrib-
ing witnesses to the will (CL 1948, § 702.7).

2. SAME—PRESUMPTIONS—INTENT TO DISPOSE OF ENTIRE ESTATE—
CONSTRUCTION—REBUTTAL.

A testator is presumed to have intended to dispose of his en-
tire estate and not to die intestate as to any part thereof
and a will should be so construed unless the presumption
is clearly rebutted by provisions of the will or by evidence
to the contrary.

3. SAME—INTENT.

The court must take into consideration the provisions of the
will and the circumstances existing at the time the will was
executed in considering the intent of the testator.

4. SAME—SPECIFIC BEQUEST—PARTIALLY VOID BEQUEST IN RESIDUE
—CLASS GIFT.

Brother of testatrix who was bequeathed $1,000 was not en-
titled to share in residue which had been bequeathed to her
late husband's brother and wife, subscribing witnesses to
the will and their 4 named children, where it appears from
the will and circumstances surrounding execution of will

REFERENCES FOR POINTS IN HEADNOTES

[1] 57 Am Jur, Wills §§ 327, 328.
[1] Proof, or possibility of proof, of will without testimony of at-
testing witness as affecting application of statute relating to
invalidation of will, or of devise or legacy, where attesting wit-
ness is beneficiary under will.   133 ALR 1286.
[2] 57 Am Jur, Wills §§ 1158, 1159.
[3] 57 Am Jur, Wills § 1144.
[4] 57 Am Jur, Wills § 1447 *et seq.*
[4] Effect of restrictive words or reference to specific property in
residuary clause to limit scope of clause as regards lapsed or in-
effectual legacies and devises.   10 ALR 1522.

that testatrix and her brother were somewhat unfriendly and that she lived with and was cared for by her brother-in-law and his wife and family, intended to leave them the entire residue as a class, and that the void bequest to the subscribing witnesses went to the 4 children rather than descend to brother as intestate property, there being nothing to indicate he should participate in the distribution of the estate except for the specific bequest (CL 1948, § 702.7).

Appeal from Oceana; Pugsley (Earl C.), J. Submitted June 5, 1952. (Docket No. 34, Calendar No. 45,479.) Decided October 6, 1952.

Bill by George Parrish against Henry Van Domelen, administrator of the estate of Sadie Plumhoff, deceased, and others to construe the will of Sadie Plumhoff so as to have a portion of estate go to plaintiff as heir-at-law. Decree for defendants. Plaintiff appeals. Affirmed.

*Marcus, Kelman, Loria, McCroskey & Finucan* (*Jerry S. McCroskey,* of counsel), for plaintiff.

*J. Donald Murphy* and *Harold Van Domelen,* for defendants.

REID, J. Plaintiff filed the bill for the construction of the will of his deceased sister, Sadie Plumhoff. From a decree for defendants, plaintiff appeals.

Sadie Plumhoff died February 25, 1950, leaving a will which had been made August 18, 1948, and was duly admitted to probate June 7, 1950, which will is as follows:

"Last will and testament of Sadie Plumhoff.

"Being in my right mind and of my own free will I give and bequeath the following residue:

"To my brother, George Leonard Parrish the sum of $1,000.

"Bonds, notes and mortgages to be kept until maturity and all other residue to be divided equally between

"Frank & Myrtle Plumhoff
 Burton Plumhoff
 Natalie Plumhoff Grantz
 Ruth E. Plumhoff
 Dorothy Mae Plumhoff

                                        "SADIE PLUMHOFF
"Witness:
FRANK PLUMHOFF
MYRTLE PLUMHOFF"

The 2 witnesses to the will, Frank Plumhoff and Myrtle Plumhoff, are the same 2 persons mentioned in the will. It is conceded by all parties to this case, that the provision in the will for the 2 witnesses is void under CL 1948, § 702.7 (Stat Ann 1943 Rev § 27.3178 [77]), which, so far as pertinent, is as follows:

"All beneficial devises, legacies and gifts whatsoever, made or given in any will to a subscribing witness thereto, shall be wholly void, unless there be 2 other competent subscribing witnesses to the same."

Plaintiff claims that the share of the residue which, under the void bequest, was attempted to be bequeathed to the defendants Frank Plumhoff and Myrtle Plumhoff, should be construed to be intestate estate, and therefore under our statute should go to plaintiff as sole heir-at-law of deceased.

Defendants claim that the bequest of the entire residue of the estate to the defendants Frank and Myrtle Plumhoff and their children, Burton Plumhoff, Natalie Plumhoff Grantz, Ruth E. Plumhoff, and Dorothy Mae Plumhoff, should be construed as being a class bequest, and that the portion of the residue which, under the void bequest, was attempted to be bequeathed to the defendants Frank and Myrtle

Plumhoff, remains in the residue as part of the testate estate, and that the 4 named sole children of Frank and Myrtle Plumhoff should take the entire residue of the estate under the last paragraph of the will.

Deceased, Sadie Plumhoff, was the widow of Carl Plumhoff, a brother of defendant Frank Plumhoff. Carl died October 31, 1946. Carl and Sadie for about 3 years before his death lived at 417 State street, Shelby, Michigan, a house and lot owned by them by the entireties. In the year following Carl's death, Sadie sold the house and furniture and lived thereafter until her death, with defendants Frank and Myrtle Plumhoff, in a very friendly relationship, without paying nor being expected to pay board or rent. Sadie was also in a very friendly relationship with the 4 children of Frank and Myrtle Plumhoff, Burton, Natalie, Ruth and Dorothy Mae named in the will.

For a considerable period before making her will, deceased was in an unfriendly relationship with her brother and sole heir-at-law, George Parrish, the plaintiff. She resented his excessive use of liquor, disliked his women companions, and further resented plaintiff's assertions that she, Sadie, beat plaintiff out of $1,000 respecting property formerly the residence of their parents in Kent City, Michigan. There is testimony that deceased said her brother, plaintiff, would not receive any part of her estate; and that she afterwards changed her mind and said that she would leave him the thousand dollars that he claimed she had beaten him out of.

It is clear and undisputed by the parties to this suit that unless the residuary clause of the will is construed as making a gift to a class, the provision for Frank and Myrtle Plumhoff would be void, should

be treated as intestate estate, and awarded to plaintiff accordingly.

It is unnecessary to make a résumé of the various cases in which dispute has arisen as to whether a certain bequest should be construed as a gift to a class or otherwise. Two cases prominently discussed in the briefs in the instant case are *In re Ives' Estate,* 182 Mich 699, and *In re Brown's Estate,* 324 Mich 264, which cases with the cases cited therein, indicate sufficiently the law of Michigan on the point involved.

In the *Ives Case,* we say (syllabus 4):

"Where the testatrix disposed of her property by certain bequests and added a residuary clause stating that she gave all the rest, residue and remainder of her estate, both real and personal, and wherever situated to her 3 brothers and sisters, an undivided third to each, and 1 of them later died, to whom the testatrix gave $10,000 by a codicil to the will, and who was mentioned in the original draft of the instrument in a clause which stated that she was sufficiently provided for, and where family history and undisputed circumstances pointed in the same direction, the adopted daughter was not entitled to any share of the residue of the property."

We further say, page 706:

"We are of the opinion that, in the disposition of the residue of her property, the testatrix was dealing with a class, under which the survivors take the share of the 1 who died without issue."

In the *Ives Case,* we further say, page 704:

"The presumption is that a testator intended to dispose of his entire estate, and not to die intestate either as to the whole or any part thereof, and the will should be so construed, unless the presumption is clearly rebutted by the provisions of the will or by the evidence to the contrary."

In the instant case, the plaintiff contends for a construction of the will which would result in a part of the residue being intestate property.

In the *Brown Case, supra,* there was cited no provision in the will of Brown which by direct statement or necessary implication, forbade the result brought about by our decision. In the instant case, the result contended for by plaintiff is against the plain implication of the bequest limiting his share of the estate to $1,000, on which latter point, note our reasoning in the *Ives Case,* similar to our reasoning in this opinion.

In the instant case, the trial judge found:

"The devisees, Frank and Myrtle Plumhoff, Burton Plumhoff, Natalie Plumhoff Grantz, Ruth E. Plumhoff and Dorothy Mae Plumhoff were no doubt intended as members of the same family in the relation of parents and children to be included collectively as a class, who should receive the entire residue of the estate after payment of the specific legacy of $1,000 to the plaintiff."

We would suppose that a bequest to the parents would inure to the benefit of the children and a bequest to the children would benefit the parents interested in their children's welfare.

Our decision in the *Brown Case, supra,* clearly states that the construction should be in accordance with the actual intent of the testatrix. At page 268, in the *Brown Case,* we say:

"In considering the intention of the testator, we take into consideration the provisions of the will and the circumstances existing at the time the will was executed."

From Mrs. Plumhoff's will and the circumstances existing at the time of its execution, it is clear that she intended that the Plumhoff family should receive the entire residue of the estate as a class and that

her brother the plaintiff, should not receive any part of the residue after payment of the legacy of $1,000.

We affirm the decree appealed from. Costs to defendants.

DETHMERS, BUTZEL, CARR, BUSHNELL, SHARPE, and BOYLES, JJ., concurred.

The late Chief Justice NORTH did not sit.