GOEMBEL *v.* BONINE.

1. WILLS—CONSTRUCTION—AMBIGUITY.

Interpretation of a will ends by consulting the document if its terms are clear and unambiguous, but if they are not, the uncertain words and phrases used are weighed and interpreted in the light of pertinent surrounding facts and circumstances which may tend to indicate what the testator had in mind at the time he used them.

2. SAME—CONSTRUCTION OF AMBIGUOUS BEQUEST—EXTRINSIC EVIDENCE.

Clause of will bequeathing plaintiff, an attorney, "the sum of Twenty-five ($2500.00) Dollars. * * * This bequest is made out of friendship and to pay him for services rendered to me and for services rendered in settling the estate of my late husband" is construed as bequeathing $2,500 to plaintiff, since the will is ambiguous on its face and permits resort to extrinsic evidence as to matters expressly mentioned in the will as reasons for making the bequest.

3. SAME—EXTRINSIC EVIDENCE—AMBIGUITY.

Extrinsic evidence as to matters mentioned in an ambiguous provision of a will may be resorted to for the purpose of resolving the ambiguity.

Appeal from Kalamazoo; McDonald (Archie D.), J., presiding. Submitted January 7, 1953. (Docket No. 29, Calendar No. 45,657.) Decided March 10, 1953.

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 57 Am Jur, Wills § 1040 *et seq.*
[2] 57 Am Jur, Wills § 1060.
[2] Admissibility of extrinsic evidence to aid interpretation of will. 94 ALR 26.

Bill by Roscoe G. Goembel, as executor of last will of Rose E. Sipley, deceased, and individually against Kenneth Bonine and others to construe a will. Decree for plaintiff. Defendants appeal. Affirmed.

*David Anderson* and *Russell V. Carlton,* for plaintiff.

*Fox & Fox* (*Edward P. Thompson,* of counsel), for defendants Bonine, Baird and Hauser.

*Jones & Theiss,* for defendant Terry.

*Chauncey L. Stickler,* for defendants Youngs.

REID, J. Plaintiff, as executor of the will of deceased testatrix, and also as legatee named in the will, filed this bill to obtain a construction of a clause of the will containing inconsistent provisions. From a decree construing the will as claimed by the plaintiff, defendants appeal.

The portion of the will in dispute is as follows:

"Article 4. To my friend, Roscoe G. Goembel, I give and bequeath the sum of Twenty-five ($2500.00) Dollars, to be his absolutely and forever. This bequest is made out of friendship and to pay him for services rendered to me and for services rendered in settling the estate of my late husband, John A. Sipley."

Plaintiff claims that the article or clause in question should be construed to give him 2,500 dollars. Defendants claim that the bequest is so vague as to be without meaning and void for uncertainty, or that at utmost it could be construed to give plaintiff only 25 dollars.

The following facts were shown by extrinsic evidence:

In 1909, plaintiff came to Kalamazoo, Michigan, to establish a law practice. John A. Sipley, husband of testatrix, was in the real estate business and had his office in the same building as that of plaintiff Goembel. Sipley became a client of plaintiff and plaintiff became a roomer at the Sipley residence. A very warm friendship grew up between the Sipleys and plaintiff similar to the love of parents and son. Mr. Sipley died in 1926. Plaintiff was attorney for Mrs. Sipley in the settlement of Mr. Sipley's complicated estate including a contest over the construction of Mr. Sipley's will. Plaintiff also advised and assisted Mrs. Sipley about her other affairs. He never rendered her a bill for his services, nor received pay therefor.

The will in question was drawn in plaintiff's office under his direction and was witnessed, July 9, 1946, by Annabelle Van Sweringen, who then had been for many years an employee in plaintiff's office, and also witnessed by Betty B. Feltes. Carbon copies of former wills were introduced in evidence, one dated November 30, 1944, and one November 10, 1930. Each contained a bequest to plaintiff similar to article 4 in question, except that in both words and figures the amount was $2,500.

The will in question in article 24 thereof directed that the residue of the estate should be divided between 5 legatees in proportion to their respective legacies, plaintiff being one of the 5 legatees. Defendants claim that the residue of the estate is about $30,000; plaintiff claims that it is about $15,000.

Objections had been offered to the extrinsic evidence and a motion was made to strike it out, as equally within the knowledge of the deceased,* contrary to the statute of wills,† an attempt to vary a written instrument by parol, attempt to correct a

---

* CL 1948, § 617.65 (Stat Ann § 27.914).—REPORTER.

† CL 1948, § 702.5 (Stat Ann 1943 Rev § 27.3178[75]).—REPORTER.

mistake by oral testimony, and that parol evidence is not admissible to explain an "unintelligent" bequest.

In *Morrow* v. *Detroit Trust Co.*, 330 Mich 635, we say (syllabus 4):

"Interpretation of a will ends by consulting the document if its terms are clear and unambiguous, but if they are not, the uncertain words and phrases used are weighed and interpreted in the light of pertinent surrounding facts and circumstances which may tend to indicate what the testator had in mind at the time he used them."

In view of the fact that the clause in question expressly points out friendship for plaintiff and pay for his services as the reasons for testatrix's bequest to plaintiff, we need to and should, in resolving the ambiguity, consider extrinsic evidence only on those matters thus expressly mentioned in the will as her reasons for making the bequest. From such extrinsic evidence, it is clear that the services rendered have not been paid for, but are worth very much more than $25 and in fact probably worth the $2,500 mentioned in figures in the parentheses in the clause in question.

It seems clear from the will and the pertinent extrinsic evidence that the testatrix intended to bequeath to plaintiff $2,500 by the clause or article in question. We construe the clause to read $2,500 to plaintiff and not $25. The distribution of the residue is clearly indicated in the will and properly computed by plaintiff in his brief.

The decree appealed from is affirmed. Costs to plaintiff.

DETHMERS, C. J., and ADAMS, BUTZEL, CARR, BUSHNELL, SHARPE, and BOYLES, JJ., concurred.