In the Matter of the Estate of Stella C. Megrue, Deceased.

Surrogate's Court, New York County, September 20, 1929.

*T. Raymond St. John*, for the executors.

*Jacob I. Goodstein*, for the residuary legatees.

Foley, S.  In this accounting proceeding a construction of paragraph 3 of the will is required.  That paragraph reads as follows: "I give and bequeath all of the residue of my jewelry, clothing and personal and household effects not hereinbefore disposed of, to my executors hereinafter named, to be distributed or disposed of by them in such manner as they in their sole discretion shall deem best.  It is my wish and desire that my said executors follow out as near as possible the special instructions contained in a letter which I shall deliver to them before my death."

The executors contend that the gift of this property was absolute and they took the articles outright as individuals.  The residuary legatee, on the other hand, argues that no absolute gift was intended, that the testatrix attempted to create a trust, that this trust was invalid and must fail by reason of the omission of the testatrix to designate the beneficiaries.  Further, that the property was bequeathed to the executors merely as a conduit for the purpose of distribution and disposal to others.  It is conceded by the parties that the letter of instruction referred to in the paragraph was not left by the testatrix.  Under these circumstances did the gift under this paragraph lapse and pass to the residuary legatee?  I hold that the gift was valid and the personal property vested as a specific

legacy in Sidney Struble, John Brennan and May N. Benson, the persons named, as tenants in common.

The rule of law applicable is that " before a gift to executors *eo nomine* can be held to vest in them individually the intention that it should so vest must be plainly manifested." (Jarman Wills [6th ed.], 1623; Davids New York Law of Wills, 1273; *Forster* v. *Winfield*, 142 N. Y. 327.) The will here, in my opinion, tested not only by the language of the particular paragraph, but by other parts, clearly evidences a purpose by the testatrix to make the gift beneficial rather than fiduciary. In the 2d paragraph there are thirty-four different legacies of jewelry, household effects and other similar personal property to various friends and acquaintances. Many of these gifts are accompanied in the will by homely, sentimental expressions which clearly originated with the testatrix. It is consistent with the distribution of these remembrances that she should have intended that the remainder of her purely personal effects should be given absolutely to the close friends whom she selected as her executors. The cases construing such provisions are conflicting, but necessarily depend upon the peculiar language employed in the will under consideration. In the will involved here the essential element which characterizes the gift as absolute is the language " *to be distributed or disposed of by them in such manner as they in their sole discretion shall deem best.*" The power of distribution alone may have indicated an executorial function, but the alternative power of disposal contained in the clause imposed an absolute vesting. The language of the gift here is much similar to that used in *Fairchild* v. *Edson* (154 N. Y. 199, at p. 212). There the gift was to the executors *eo nomine*. The clause read: " If, for any reason, any legacy or legacies left by my will, * * * either pecuniary or residuary, shall lapse or fail, or for any cause not take effect, either in whole or in part, I give and bequeath the amount which shall lapse, fail or not take effect absolutely to the persons named as my executors. In the use of the same I am satisfied that they will follow what they believe to be my wishes. I impose upon them, however, no conditions, leaving the same to them personally and absolutely, and without limitation or restriction." There the court found no evidence of a trust and upheld the legacy as an individual, absolute gift. Similarly here the sole discretion granted in the first sentence of the paragraph and the precatory language of the second sentence negative any purpose to create a trust. In various other parts of the will the employment of language with regard to trusts is most precise and accurate and the words " in trust " were specifically used with

respect to such gifts. That consideration was regarded as important in the ascertainment of intent in *Matter of Murray* (124 App. Div. 548). In that case, too, the gift was sustained as beneficial. The language of the will read: "All the rest, residue and remainder of my estate * * * I give and bequeath unto the said Ambrose S. Murray, Jr., requesting that he make such distribution of the same or any portion thereof, as I shall indicate by memorandum, written direction or otherwise." Murray was named as executor in the will and the court found an intention to give the residuary estate absolutely to him " imposing no obligation upon him whatever, but trusting entirely to him to carry out any direction she might see fit to make." In the various authorities cited by the residuary legatee the intention to create a trust was either clearly expressed or strongly implied in the will. None can be found here. In *Reynolds* v. *Reynolds* (224 N. Y. 429) the specific words " in trust " were employed and the gift to the executors was held void because of the failure to designate the beneficiaries of the trust. In *Christman* v. *Roesch* (132 App. Div. 22; affd., 198 N. Y. 538) the gift to the executor was of the entire residuary estate and the manifestations of executorial function and fiduciary responsibility were evident.

I hold, therefore, that no trust was intended to be created, that the expressed suggestions of the testatrix were merely precatory and that the persons named as executors are entitled to the designated personal property as a gift to them individually and independent of their executorship.

Submit decree construing the will and settling the account accordingly.