TOWNSEND v. GORDON.

1. WILLS—RESIDUARY BEQUEST TO EXECUTOR—CONSTRUCTION OF WILLS.

In residuary bequest ''to my executor who shall dispose of same as he shall best determine,'' the fact that plaintiff was not specifically designated as executor until later on in the will did not prevent him from taking beneficially in his individual capacity pursuant to phrase ''as he shall best determine.''

2. SAME—CONSTRUCTION OF TERM ''LEAVE.''

Provision as to residue wherein testator stated: ''I leave to my executor who shall dispose of same as he shall best determine'' did not show a lack of intent to make a beneficial gift by using the word ''leave'' since its use in connection with words investing executor with the right of disposition of proceeds is the same as ''bequeath.''

3. SAME—CONSTRUCTION AS A WHOLE.

A will must be read as a whole.

4. SAME—INTENT.

The intent of a testator must prevail in construing a will.

5. SAME—RESIDUARY BEQUEST—PRESUMPTION AGAINST INTESTACY.

Intestacy will not be presumed where there are bequests in the will as to the disposition of the residue, unless it is so provided by the will or the language or lack of language used necessitates such a result.

6. SAME—RESIDUARY BEQUEST TO EXECUTOR—TRUSTS.

A residuary bequest to testator's ''executor who shall dispose of same as he shall best determine,'' if construed as a trust and not as a taking absolutely and beneficially, would fail for indefiniteness and require distribution to legal heirs of testator.

7. TRUSTS—DISPOSITION OF PROPERTY BY TRANSFEREE.

If property is transferred to a person to be disposed of by him in any manner or to any person he may select, no trust is created and the transferee takes the property for his own benefit.

Construction of testamentary gift to executors ''to distribute,'' see 3 Restatement, Property, § 323, comment e.

8. SAME—CONSTRUCTION—INTENT.

Whether the transferor has manifested an intention to give property to a person in trust or to give it to him for his own benefit is a question of interpretation of the transferor's language in the light of all the circumstances.

9. SAME—INTENT—LEGALLY ENFORCEABLE DUTY—MORAL OBLIGATION.

No trust is created if the transferor of property does not manifest an intention to impose duties enforceable by law upon the transferee and has not imposed merely a moral obligation.

10. POWERS—GENERAL POWER OF APPOINTMENT OR DISPOSITION—REALTY.

An indefinite or general power of appointment or disposition of real estate carries with it a fee unless testator gave the donee an estate for life only by using certain express words annexing to it the power of disposal (3 Comp. Laws 1929, § 13005).

11. SAME—PERSONALTY.

Powers connected with personal property. are generally coextensive with powers in the law of real property and are governed by the same rules in this State.

12. WILLS—RESIDUE—EXECUTORS—POWERS.

Executor may not be compelled to use proceeds from sale of residue of testator's property pursuant to direction in will for purpose of assisting testator's needy relatives, where executor was given power to dispose of residue ''as he shall best determine.''

13. SAME—CONSTRUCTION—RESIDUARY BEQUEST—AMBIGUITY—EVIDENCE—QUESTIONS REVIEWABLE.

Language of will that testator left residue ''to my executor who shall dispose of same as he shall best determine'' gave residue to executor beneficially in unambiguous language, hence testimony to construe the plain meaning of the words was unnecessary and consideration is not given to question as to admissibility of testimony not offered for impeaching purposes, nor whether trial court had a right to determine whether or not a given individual was the sole son and heir of testator.

WIEST, J., dissenting.

Appeal from Emmet; Gilbert (Parm C.), J., presiding. Submitted January 4, 1944. (Docket No. 11, Calendar No. 42,421.) Decided April 3, 1944. Rehearing denied May 17, 1944.

Bill by Glen C. Townsend, executor of the last will and testament of Jacob Gordon, deceased, against Samuel Gordon and others to construe a will. Cross bill by Samuel Gordon against plaintiff and other defendants to construe a paragraph of the will of deceased and to determine that cross plaintiff is a son of deceased. Verdict of jury finding cross plaintiff to be son of deceased. Decree that bequest was to the plaintiff individually and that cross plaintiff was son of deceased. Defendant Samuel Gordon appeals and other defendants cross-appeal. Affirmed.

*Benjamin V. Halstead,* for plaintiff.

*Shapero & Shapero,* for defendant Gordon.

*Crawford S. Reilley* and *Louis Smilansky,* for defendants and cross appellants.

Butzel, J. Jacob Gordon of Petoskey, Michigan, died on December 5, 1940, leaving a last will which was admitted to probate on January 28, 1941. The first four clauses consist of directions in regard to payment of debts, purchasing of cemetery lot, care of the grave and monument and bequests of $1,000 each to two of testator's sisters. The remaining clauses, some of which give rise to the questions involved in this case, are as follows:

"5. The residue of my estate I leave to my executor, who shall dispose of same as he shall best determine.

"6. I direct that all of my property of which I

may have title at the time of my death be sold and. the proceeds disposed of as above outlined.

"7. It is my request that my executor be not required to furnish bond in the administration of my estate.

"I do hereby name Glen C. Townsend, of Petoskey, Michigan, as executor of this, my last will and testament."

No question is raised as to the proper execution of the will or the testamentary capacity of the testator. Plaintiff as executor filed a bill asking the court to construe the will. He alleged that defendant and appellant Samuel Gordon of Detroit, Michigan, claimed that he was the son and sole heir at law of testator and entitled to the residue of the estate; that other defendants are, or claim to be, brothers, sisters, nephews and nieces of testator, and they deny that Samuel Gordon is the son of testator and assert that they are the sole heirs at law. Plaintiff further alleged that disagreement had arisen as to clause 5 of the will, and that Samuel Gordon claims it is so indefinite and uncertain that it is of no legal effect and results in intestacy as to such residue, and that he, as the sole heir at law, is entitled to receive it. Other defendants allege that Samuel Gordon, whether he be the son and sole heir at law or not, is not entitled under the will or otherwise to any portion of the residue, which, they assert, is left to the plaintiff to dispose of as he shall best determine. Some of the defendants allege that it was the intention of the deceased to leave the residue to the plaintiff so that he could distribute it among those of his family who were most needy and that no part of the residue was to be distributed to any one claiming to be the son of testator.

Defendant Samuel Gordon in his cross bill further alleged that he sought a determination of heirs in

the probate court but that his application had been resisted, and that the probate court had failed to make a determination, and he, therefore, asked the chancery court in his cross bill to make such determination.

The main question presented is whether or not plaintiff in his individual capacity is entitled to such residue to dispose of as he shall best determine, or, in other words, as the trial judge held, did he take beneficially so that he may do whatever he pleases with such residue? On the other hand, is he merely an executor or trustee under a provision which is so indefinite in its terms that intestacy results? The trial judge held that the wording of the will was plain and unambiguous and that it did not require extrinsic evidence to determine its meaning. The question of whether Samuel Gordon was the son of deceased was submitted to the jury on a special record; they found in his favor.

Appellant attacks the finding of the lower court that the plaintiff is entitled beneficially to such residue, and the other defendants cross-appeal from a determination in the chancery suit that appellant is the son of testator. The latter contend that the determination of heirs is solely within the jurisdiction of the probate court. Samuel Gordon in a motion to amend the grounds of appeal also claims that the court erred in excluding a transcript of the testimony of plaintiff in the probate court taken at the hearing on the petition for admission of the will to probate and certified to by a court stenographer. In this testimony, plaintiff, when asked whether he claimed any interest in the residuum, answered: "Not a nickel," and that it should go to the heirs that the court shall determine. The testimony in the probate court further showed that testator had a joint bank account with Mr. Townsend, the nature of

which was not disclosed. In coming to our conclusion, we have considered the testimony in the probate court.

Deceased at the time of his death was possessed of personal property of the value of $15,000 or thereabouts. Mr. Townsend was vice president of the First State Bank of Petoskey, Michigan. There is no claim that he was a lawyer. He drew the will and it was witnessed by two bank employees. He had been in the confidence of testator for 15 years and had discussed with him his family as well as his financial affairs.

Appellant claims that the words "dispose of same" by leaving it to the executor *eo nominee* without designating him until later in the will is determinative of the fact that plaintiff took the residue as executor to be turned over by him to testator's heirs and that it was not to belong to him beneficially. There might be some force in this argument were it not for the words he "shall dispose of the same *as he shall best determine.*" It is also claimed that the use of the word "leave" instead of the word "give" or "bequeath" shows a lack of intent to make a beneficial gift. We believe that the popular and ordinary use of the word "leave" is the same as the more technical word "bequeath," and when followed by words investing one with the right of disposition "as he shall best determine," the intent clearly appears that the residue was left as a beneficial bequest to plaintiff whose name appears further down in the will.

The sixth clause directing that the property be sold and the proceeds disposed of as outlined again indicates the fact that the executor was to take the proceeds from the sale of the property and dispose of it as he should deem best. It amounted legally to an absolute bequest to Mr. Townsend.

It is not necessary to cite authority that the established rules of law provide that the will must be read as a whole, that the intent of the testator must prevail, and that where there are bequests in the will as to the disposition of the residue, intestacy will not be presumed unless so provided by the will or the language or lack of language used necessitates such a result.

The real question in the case, as we view it, is whether plaintiff took the residue absolutely and beneficially or merely as a trustee. If he took in the latter capacity, the trust must fail for indefiniteness, and the residue would have to be turned over to the legal heirs. Counsel have assisted us with a careful review of many cases on which they rely. We find a bewildering number of authorities. Counsel for Samuel Gordon largely rely on *Abrey* v. *Duffield,* 149 Mich. 248. There the will provided that all real estate and personal property was given, devised and bequeathed to Mr. Duffield as executor and trustee to whom testatrix committed it with instructions as far as he could to carry out her wishes as therein expressed. She provided a trust for the support of her son during his lifetime and in case any remainder were left in his hands, her trustee should appropriate it towards defraying the expenses of the trust or in such other or different manner as he might deem best. The court divided five to three, the majority holding that inasmuch as Mr. Duffield was testatrix's attorney and was familiar with the phrases and language commonly used to create and devise a bequest, the circumstances required circumspection and the provision had to be construed as unfavorable to the trustee as the language used would permit; that when an attorney familiar with legal terms draws a will in which he is named as a

beneficiary, he must be punctilious and clearly express the intent of the testator. The court dwelt upon the fact that the will also provided that in case of the death of Mr. Duffield before the trust had been carried into effect, then his son was to succeed him with like powers as conferred upon his father and this would indicate that Mr. Duffield did not take beneficially. The court, therefore, held that Mr. Duffield took as trustee as stated in the will and not as legatee. The case is far different from the instant one.

Appellant claims that the weight of authority from other jurisdictions supports his contention that plaintiff did not take beneficially. On the other hand, the attorney for plaintiff calls attention to the fact that the cases relied upon by plaintiff present entirely different factual backgrounds, and, therefore, cannot be regarded as any authority. We see little to be gained by a discussion of all of the cases. We recognize that there is a conflict of authority. In most all of these cases, the words "in trust" are used. In the following cases, the words "in trust" were not used and the will was interpreted as giving an absolute estate: *Manson* v. *Jack* (N. J. Eq.), 62 Atl. 394; *Gilman* v. *Gilman,* 99 Conn. 598 (122 Atl. 386); *In re Megrue's Estate,* 135 Misc. 16 (237 N. Y. Supp. 523); *Hill* v. *Fiske,* 69 Misc. 507 (125 N. Y. Supp. 1026); *Fairchild* v. *Edson,* 154 N. Y. 199 (48 N. E. 541, 61 Am. St. Rep. 609). Possibly owing to this uncertainty, the question was reviewed by the American Law Institute and subsequently was set forth in the Restatement of the Law of Trusts of which Professor Scott was the reporter. The committee consisted of very prominent jurists, professors of law, some of whom were textbook writers, and prominent members of the profession, and the

entire work was submitted to the members of the Institute. The law was stated to be as follows (1 Restatement, Trusts, § 125, p. 315 *et seq.*):

"If property is transferred to a person to be disposed of by him in any manner or to any person he may select, no trust is created and the transferee takes the property for his own benefit."

The comment is as follows:

"a. *The general rule.* Whether the transferor has manifested an intention to give property to a person in trust or to give it to him for his own benefit is a question of interpretation of the transferor's language in the light of all the circumstances.

"No trust is created if the transferor does not manifest an intention to impose enforceable duties upon the transferee. His intention not to impose enforceable duties may be shown by the fact that he uses precatory rather than mandatory words (see section 25). Even though the purpose to which he desires the transferee to apply the property is clearly something other than for the personal benefit of the transferee, no trust is created if the settlor manifested an intention to impose merely a moral obligation, and to leave the transferee free from any legal obligation to apply the property to the purpose (see section 25, comment b). His intention not to impose enforceable duties may appear from the fact that the purposes to which the property is to be applied are so broad as to show that the transferor intended that the transferee should be entitled to use the property for his own benefit."

"b. *Intention to make beneficial gift.* If the transferor manifests an intention to give the property to a person for his own benefit, no trust arises and the transferee may do as he likes with the property."

The following illustration is given:

"A bequeaths $100,000 to B to be disposed of to such persons and in such manner and in such sum or sums of money as he in his discretion shall think proper. B takes the money for his own benefit."

Clause 5 of the will contains a power. The general rule is that an indefinite or general power of appointment or disposition of real estate carries with it a fee unless testator gave the donee an estate for life only by using certain express words annexing to it the power of disposal. *Farlin* v. *Sanborn*, 161 Mich. 615 (137 Am. St. Rep. 525), in which *Jackson* v. *Robins,* 16 Johns. (N. Y.) 537, 588, is quoted. Also, see 3 Comp. Laws 1929, § 13005 (Stat. Ann. § 26.101), which refers to real property. This statute had its origin in New York State. 1 Rev. Stat. N. Y. (1829), p. 733, § 83. In construing powers, the New York court stated:

"Powers connected with personal property are now for all practical purposes coextensive with powers in the law of real property of this State, and they are governed by the same rules." *In re Mayo's Will,* 76 Misc. 416 (136 N. Y. Supp. 1066).

Also, see *Smith* v. *Cigarmakers' International Union of America,* 203 Mich. 249. We believe by logical reasoning, the same rule that applies to real property in the instant case applies to personal property.

In coming to our conclusion, we have not overlooked the fact that the legatee may have had a verbal understanding with the testator which the legatee subsequently may violate. Certain defendants claimed in their answer that Mr. Townsend was to use the proceeds of the estate in order to assist testator's needy relatives. Should he fail to do

so, they would have no legal redress under the terms of the will. The only way such a breach of a moral understanding could be guarded against would be by a proper legal instrument, or by not using the broad terms contained in the will, which manifest the plain intent of the testator to give the residue to plaintiff in his individual capacity with the right and power to dispose of the proceeds as he may deem best.

Under the language in the will in the instant case, plaintiff took the residue beneficially. For this reason, the judge was correct in holding that there was no ambiguity and, therefore, testimony to construe the plain meaning of the words was unnecessary. Even had the plaintiff testified, as he did in the probate court, that he did not expect to retain any part of the estate, that he would turn it over to the heirs if the court directed, it could not change the plain meaning of the will. For this reason, we need not consider whether the testimony in the probate court, not offered for impeaching purposes, was admissible or not, nor whether the court had a right to determine in the present proceeding whether plaintiff was the sole son and heir of decedent.

The decree of the trial court is affirmed, with costs to plaintiff.

NORTH, C. J., and STARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred with BUTZEL, J.

WIEST, J. (*dissenting*). The residuary devise or bequest was to the executor, as such, with beneficiaries thereunder at his determination and, therefore, void. No title vested in the executor apart from his office for the will in the very next paragraph provided:

"I direct that all of my property of which I may have title at the time of my death be sold and the proceeds disposed of as above outlined."

It was clearly the expressed intent of the testator to constitute the mentioned residue a constituent part of his estate and, no valid disposition thereof being made by the will, the mentioned residue stands intestate.

The decree in the circuit court should be reversed and the intestate residue administered in the probate court. Defendants should recover costs.