SHATTUCK *v.* FAGAN.

1. WILLS—REMAINDER—FORMER WILL.

> Will providing that "At my death after all bills are paid and the will is read; I hereby give the remainder of my assets to" a named person, required holding amount of bequests in former will pass as intestate property previous to determination of the "remainder," in view of former holding of Supreme Court that the former will had not been incorporated by reference.

2. COSTS—CONSTRUCTION OF WILL.

> No costs are allowed on appeal in suit to construe a will, where neither party has fully prevailed.

> CARR and REID, JJ., dissenting.

Appeal from Ingham; Hayden (Charles H.), J. Submitted January 7, 1953. (Docket No. 38, Calendar No. 45,689.) Decided June 8, 1953.

Bill by R. Sanford Shattuck and others against Thomas J. Fagan, administrator c.t.a. of estate of Frank H. Shattuck, deceased, and another to construe will. Decree for plaintiffs. Defendants appeal. Affirmed in part, reversed in part.

*Kelley & Seelye,* for plaintiffs.

*William H. Wise,* for defendants.

REFERENCES FOR POINTS IN HEADNOTES

[1] 57 Am Jur, Wills §§ 1424, 1446 *et seq.*
[1] Effect of restrictive words or reference to specific property in residuary clause, to limit scope of clause as regards lapsed or ineffectual legacies and devises. 10 ALR 1522.
[2] 14 Am Jur, Costs § 97.

Reid, J. (*dissenting*).  Plaintiffs, as nephew and niece and only heirs-at-law of Frank H. Shattuck, deceased, filed this bill of complaint for construction of his will.  From a decree for plaintiffs, appeal was taken by Irene O'Conner, residuary legatee and devisee.

A contest in the probate court over the allowance of the will had been certified to the circuit court and on a trial before the court without a jury, the will was disallowed; on appeal (by proponent) from the order of disallowance, we admitted the will to probate.  *In re Shattuck's Estate,* 324 Mich 568.  Construction of the will was left open to be determined in the instant proceeding.

In our decision, above referred to, we say, page 570:

"The testator executed a will in February, 1946, invalid because signed by only 1 attesting witness. The instrument involved in this contest, dated March 15, 1947, reads as follows:

" 'March 15, 1947
" 'To Whom this May Concern
" 'At my death after all bills are paid and the will is read; I hereby give the remainder of my assets to Irene O'Conner.

" 'F. H. Shattuck
" 'Witnesses:
" 'Ora J. French
" 'Mrs. Roberta Henchert.'
"This second instrument     *     *     *     did not sufficiently identify the first will to incorporate it by reference."

Plaintiffs in the instant case claim (1) that the admitted will does not express the full intention of the testator; and (2) that the provision therein to Irene O'Conner is void because of ambiguity or uncertainty.

Plaintiff's 2 contentions are closely related and we note the following cases as bearing on both claims of plaintiffs:

"Where a disposition made by will is absolutely void, it is no disposition at all, and will not be considered as establishing testator's intent." *McGehee v. McGehee,* 189 NC 558 (127 SE 684 syllabus).

"The modern tendency * * * is not to hold a will void for uncertainty unless it is *absolutely impossible* to put a meaning upon it. The duty of the court is to put a fair meaning on the terms used and not, as it is sometimes put, to repose on the easy pillow of saying that the whole is void for uncertainty." (Italics supplied.) 57 Am Jur, p 59, citing *St. Louis Union Trust Co.* v. *Little,* 320 Mo 1058 (10 SW2d 47).

*"The general principle is well settled that extrinsic evidence is not admissible to vary, contradict, or add to the terms of a will, or to show a different intention on the part of the testator from that disclosed by the language of the will."* (Italics supplied.) 94 ALR 31, 32, citing many decisions from a majority of the States, also from England and Canada.

"It is frequently stated as a corollary of the broad doctrine that extrinsic evidence is not competent to vary or add to the terms of a will, that an unintentional or inadvertent omission of a provision, word, or name intended to be inserted in a will cannot be shown or supplied by such evidence, in a proceeding involving the construction of the will, where there is no fraud." 57 Am Jur, p 679.

"All intendments *must* be made to prevent a partial intestacy." (Italics supplied.) *Toms* v. *Williams* (syllabus), 41 Mich 552.

"Under our statutes, as well as under the general policy of the law, no part of a testator's estate should be treated as intestate if it can be *reasonably*

avoided." (Italics supplied.) *Mann* v. *Hyde,* 71 Mich 278 (syllabus 5).

"The presumption is always against partial intestacy, and a will, if *legally possible,* should be so construed as to avoid that effect." (Italics supplied.) *Kirsher* v. *Todd,* 195 Mich 297 (syllabus 2).

In the foregoing cases, there is forceful language showing the great strength of the presumption against even partial intestacy, but in the instant case, plaintiffs place guesswork on surmise to make out a complete intestacy.

Testator in the instant case did not provide that the devise and legacies in the former will must be satisfied previous to a determination of the "remainder." Plaintiffs' contention is in practical effect that the admitted will was intended by testator so to require, but such contention is founded entirely on inference. By our former decision, plaintiffs were denied the benefit of having the (invalid) first will treated as incorporated in the admitted will by reference, but now they desire that we treat the reference to "the will" as sufficiently clear to create an uncertainty about what is to be deducted before the remainder can be ascertained. Under the above authorities, it is our duty to search for a reasonable construction of the admitted will which would not have the effect of rendering the whole or any part of the estate intestate.

It can be well considered that the testator intended that the ancient custom of heirs to assemble and listen to the reading of the will, should be observed after his death and burial; but to give the words "and the will is read" any further effect, would be to give to a mere surmise the dignity of a well-established fact, and would go beyond the direct and plain meaning of the words.

Plaintiffs would have us surmise, first, that "the will" referred to is the invalid will and not the admitted will itself; and second, that the testator intended to say that the terms of the invalid will should be complied with, before the remainder of the estate is to be determined. Plaintiffs, in effect (though not saying it in so many words), request us to insert into the will by construction, and as though intended by testator, after the words "and the will is read," the clause, "and the provisions thereof satisfied," or some other words of like import, and then having in mind our former decision, that we should determine such reference invalid for want of requisite precision and the whole will therefore too uncertain to furnish any direction for distribution. We cannot add such omitted clause, as a matter of construction. The will must stand as testator signed it.

Plaintiffs argue over the meaning of the word "remainder." The "remainder" of the estate is evidently what is left after the "bills" are paid, as far as construction of the will is concerned. The statute* directs as to payment of debts and expenses of administration.

The words "and the will is read" are to be considered as not creating an ambiguity affecting distribution.

The decree appealed from should be reversed. A decree should be entered in this Court, in accordance with this opinion. Costs to appellant O'Conner.

CARR, J., concurred with REID, J.

SHARPE, J. I am not in accord with the opinion of Mr. Justice REID. The purpose of this suit is

* CL 1948, §§ 702.93, 702.95 (Stat Ann 1943 Rev §§ 27.3178 [163], 27.3178 [165]).

the construction of the will of deceased. In *Kirsher* v. *Todd,* 195 Mich 297, it was said:

"The primary rule of construction is to ascertain the true intention of the testator. That intention must be ascertained from a consideration of all the provisions of the will itself and in the light of the circumstances surrounding the testator at the time the will was made."

See, also, *Detroit Trust Co.* v. *Stoepel,* 312 Mich 172, and *In re Brown's Estate,* 324 Mich 264.

At the time the 1947 will was executed, deceased had no reason to believe that his so-called 1946 will was invalid by reason of a lack of sufficient subscribing witnesses. In that will he left his nephew and niece a substantial bequest in addition to certain bequests to others. The 1947 will is subject to more than one interpretation. "After * * * the will is read" may mean after the 1946 will is read, or it may mean after the 1947 will is read. "I hereby give the remainder of my assets to Irene O'Conner" may mean after the bequests in the 1946 will have been satisfied, or it may mean after the expenses of administration of the 1947 will have been paid. The 1946 will is inoperative for reasons above mentioned, but is useful as an indication of testator's intentions when he executed the 1947 will. Testator's intentions in 1946, as expressed by his attempted will, was not to bequeath anything to Irene O'Conner. The language used by testator in the 1947 will, his relationship to the parties mentioned in the 1946 instrument, the size of his estate (approximately $16,000), and his belief that the 1946 will was valid, leads to the conclusion that he did not intend Irene O'Conner to take his entire estate.

In *Southgate* v. *Karp,* 154 Mich 697, we said:

"The law is well established that the construction to be given should favor the heir who by another con-

struction would be deprived of an equal share in the distribution of the property."

It clearly appears that the 1947 will was intended as a codicil to what testator thought was his 1946 will. For reasons already mentioned, the 1947 codicil ripened into a will. The result of this interpretation is a partial disposition of testator's estate leaving the greater share as intestate property. While there is a general rule that intestacy of any part of the testator's estate should be avoided, if possible, this rule is only a presumption, see *In re Ives' Estate,* 182 Mich 699, and *Townsend* v. *Gordon,* 308 Mich 438 (151 ALR 1432), and may be rebutted by evidence. In the case at bar the evidence clearly shows that testator did not intend to bequeath to Irene O'Conner all of his estate. He intended that she should receive the remainder after certain bequests were disposed of.

A decree will be entered in accordance with this opinion, but without costs as neither party has fully prevailed.

ADAMS and BUTZEL, JJ., concurred with SHARPE, J.

DETHMERS, C. J., and BUSHNELL and BOYLES, JJ., concurred in the result with SHARPE, J.