In re CHAPPLE'S ESTATE.

TRULL v. KALAMAZOO COLLEGE.

1. WILLS—ADOPTED CHILDREN OF TESTATOR'S DAUGHTER.
    Children adopted by testator's daughter and her husband after death of testator cannot take as "issue" or "children" under remaindermen provisions of will.

2. SAME—CHILDREN—ADOPTION.
    When a will provides for a child of some person other than the testator, an adopted child is not included unless the will makes it clear that the adopted child was intended to be included.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 7]  57 Am Jur, Wills § 1383.
[1, 2, 7]  Adopted child as within class in testamentary gift.   70 ALR 621; 144 ALR 670.
    Term "issue", used as term of purchase, as including adopted children.   2 ALR 974; 117 ALR 714.
[3]  57 Am Jur, Wills §§ 1133, 1137, 1146.
[4]  57 Am Jur, Wills § 1129.
[5, 6]  57 Am Jur, Wills §§ 1158, 1159.

3. SAME—CONSTRUCTION—INTENT.

The primary rule of construction of wills is to reach, if possible, the intent the testator had in mind and give effect to it, taking the whole will and giving effect to every part if possible.

4. SAME—CONSTRUCTION.

All of the words used in a will must be taken into consideration in construing it.

5. SAME—RESIDUE—INTESTACY NOT PRESUMED.

Intestacy will not be presumed, where there are bequests of residue in a will unless it is so provided in the will or the language or lack of language used necessitates such a result.

6. SAME—PRESUMPTION AGAINST INTESTACY.

The presumption against intestacy is so strong that courts will adopt any reasonable construction of the will to avoid it.

7. SAME—CONSTRUCTION—RESIDUE—INTESTACY—ADOPTION.

Provision of will leaving portion of residue in trust for testator's daughter with contingent remainder to her issue her surviving and in certain events in part to a college for certain purposes may not be construed as intending to provide that should daughter die intestate the property should go to her heirs, hence, daughter's surviving husband and their children, adopted after death of testator, do not participate in such portion of the residue as her heirs.

Appeal from Ionia; Davis (Morris K.), J. Submitted June 3, 1953. (Docket No. 30, Calendar No. 45,832.) Decided November 27, 1953.

In the matter of the estate of Edward E. Chapple, deceased. On filing the final account the will was construed. Harry R. Trull and others appealed to circuit court. Order of probate court affirmed. Harry R. Trull and others appeal. Affirmed.

*Amberg, Law & Buchen,* for appellants.

*Jackson, Fitzgerald & Dalm,* for Kalamazoo College.

Bushnell, J. This is an appeal from a judgment of the circuit court, which was entered after an appeal upon stipulated facts from an order of the probate court, construing the last will and testament of Edward E. Chapple, deceased. In that instrument the testator, after making a number of specific bequests, including the creation of trust for his wife out of an equal undivided 3/5 of the residue of his estate, provided in substance as follows: That the remaining equal undivided 2/5 of the residue of his estate was to go to the Michigan Trust Company, in trust for the benefit of his daughter, Rena B. Chapple, for and during the remainder of her natural lifetime. He then stated:

"At and upon the death of my daughter, and should she die leaving issue her surviving, then and in that event, I authorize and direct my said trustee to divide the said trust estate and property into as many equal shares or portions as there are children of my daughter, and issue of deceased children, surviving her (the issue of a deceased child to represent 1 share or portion), 1 of such shares or portions to be held, managed and invested for the use and benefit of each of her said children and the issue of any deceased children."

In this paragraph of his will the testator authorized his trustee, in certain events therein specified, to pay 1/2 of the share or portion to which "such child" mentioned in the heretofore quoted part of the will would be entitled, to Kalamazoo College of Kalamazoo, Michigan, for certain purposes. The remaining 1/2 of the residue of this trust was to be divided into 6 equal parts and paid to each of the previously designated legatees.

In the stipulated facts the following appears:

"Edward E. Chapple died on September 10, 1919. * * * The only heirs at law of said Edward E.

Chapple were Ola C. Tallman, his wife, and Rena C. Trull, his daughter.

"Rena C. Trull and Harry R. Trull were married on October 26, 1916.

"Robert Raymond Trull, of Midland, Michigan, and Elizabeth Trull Hartman, of Willow Run, Michigan, are the duly adopted children of Harry R. Trull and Rena C. Trull. Robert Raymond Trull was born November 5, 1917 and was adopted by Harry R. Trull and Rena C. Trull on March 7, 1921. Elizabeth Trull Hartman was born March 15, 1923 and was adopted by Harry R. Trull and Rena C. Trull on August 17, 1925.

"Rena C. Trull died November 10, 1950 and left surviving her as her only heirs-at-law said 2 adopted children and said Harry R. Trull, her husband. At no time did Rena C. Trull have any natural children. She died without leaving a will.

"Ola C. Tallman, the widow of said Edward E. Chapple, deceased, died August 8, 1946, leaving a last will and testament dated October 21, 1940,
*   *   *

"The original inventory filed in the estate of Edward E. Chapple listed real estate in the amount of $10,799.44 and personal estate in the amount of $60,544.55."

The probate judge filed a written opinion which the circuit judge concluded had clearly decided the issues and which he adopted with the addition of the following statement:

"Since Elizabeth Trull Hartman and Robert Raymond Trull were adopted by the daughter of the testator after the death of the testator, under the doctrine announced by the Michigan Supreme Court in *Russell* v. *Musson,* 240 Mich 631, they cannot take as 'issue' or 'children'.

"To construe the will as urged by appellants, viz.: that the daughter must die leaving issue, and that such issue must die before attaining their majority, before Kalamazoo College could take, would pre-

sume that the testator intended intestacy under the situation as it has eventuated. The presumption is the other way. To interpret the will as urged by appellants would give a blind mechanistic interpretation to the will and in view of the fact that the testator did not give his daughter any power of appointment, such interpretation would thwart the plain intent of the testator."

The appellants, Harry R. Trull, the husband of Rena B. Trull, deceased, Robert Raymond Trull and Elizabeth Trull Hartman, their adopted children, insist that Kalamazoo College and the other named legatees are not entitled to the undivided 2/5 of the residuary estate, but that the appellants herein are entitled to such residue, either because of partial intestacy or that Robert and Elizabeth take under the will as the adopted children of testator's daughter.

Appellants have clarified the problem thus presented by a recognition of the barrier presented in *Russell* v. *Musson*, 240 Mich 631, and they concede that any contention that the 2 adopted children may take under the will is immediately met by the rule in that case. They argue, however, that the right of the adopted children of testator's daughter to take directly is only a secondary issue—

"for unless Kalamazoo College takes under the will or by virtue of the presumption, the 2/5 residue must inevitably go to all 3 appellants on intestacy, if not to the 2 adopted children-appellants under the will. There can be no doubt that the adopted children are the legal heirs of the adopting parent, the testator's daughter, CL 1948, § 710.9 (Stat Ann 1951 Cum Supp § 27.3178 [549]), *Fisher* v. *Gardnier,* 183 Mich 660 (1915); nor that the residue under such circumstances would go to them and their father as her sole surviving heirs-at-law and next of kin under the descent and distribution statute, *Conant* v. *Stone,*

176 Mich 654 (1913) ; *In re Martz's Estate,* 318 Mich 293, 301 (1947)."

We prefer to dispose of the adoption question first.

In the *Russell Case, supra,* the testator made a will in 1916. He was declared incompetent in 1921 and his son was appointed his guardian. He remained incompetent until he died in 1924, leaving his son, then 52 years old, as his sole heir at law. The son and his wife were childless, and in 1923 they legally adopted 2 children. The will gave a life use to the son and his wife, with the remainder over to his children; and in the event he (the son) should "die without children," the remainder of the estate was to go to persons named in the will. One of the questions in that case was whether the adopted children took under the will. It was held:

"That when a will provides for a child of some person other than the testator, an adopted child is not included, unless the will makes it clear that the adopted child was intended to be included. The rule does not appear to be applicable where the testator has himself adopted a child. In the instant case the children were not adopted until after the will was made and testator was declared incompetent. There is nothing in the will which indicates that testator intended they should be included. In view of this we must hold that the adopted children do not satisfy that provision of the will."

This rule, enunciated in 1927, has not been changed either by statute or decision. It is suggested that its reasoning ignores the purport of the Michigan statute, which makes an adopted child an heir-at-law of the adopting parents and entitled to inherit property from such parents in accordance with the law of descent and distribution. CL 1948, § 710.9 (Stat Ann 1951 Cum Supp § 27.3178[549]). See, also, *Burk* v. *Burk,* 222 Mich 149, 152, and *In re Rendell's Estate,* 244 Mich 197, 200.

Notwithstanding that suggestion we adhere to the rule expressed in the *Russell Case, supra,* and hold, as did the probate and circuit courts in the instant case, that the testator intended the property in question should only go to the surviving natural children and their children if any such children survived his only daughter. There being no natural children or their children surviving, the next question presented is whether the probate judge and trial judge were correct in holding that the residue of the trust created in paragraph 14 of the will passed to Kalamazoo College and the other legatees named therein.

This is the question which appellants say is the primary one in the case, namely: Was there a partial intestacy, in the light of the circumstances and under the conditions imposed by the testator?

Appellants present their analysis of the specific events in their order which they contend are conditions precedent and prerequisite to the contingent gifts to Kalamazoo College and other legatees. These are:

"(a) Rena, testator's daughter, must die, but must first survive both her parents.

"(b) There must be issue (children or grandchildren) of Rena who survive her death.

"(c) All of Rena's surviving issue must die, (1) before reaching 21 years of age, and (2) without leaving any surviving issue of their own."

It is argued that condition (a) has occurred and that if the adopted children, the appellants herein, are deemed "issue" of Rena, condition (b) has occurred. Condition (c), they say, has neither occurred nor can occur; that if the adopted children are excluded, neither condition (b) nor condition (c) has occurred, nor can occur, for the reason that the testator's daughter died without ever having had

children. Hence they contend it must follow that in either event the result is the same in that the requirements of the testator have not been met and the contingent gifts fail regardless of the fact that 2 of the appellants are adopted children.

The probate judge disposed of this argument by holding that the general plan and intent of the testator are easily discernible. The cardinal principle to be applied in the construction of wills is correctly stated by the probate judge as follows:

"It almost goes without saying that the primary rule of construction of wills is to reach, if possible, the intent the testator had in mind and give effect to it. The whole will is to be taken together and is to be construed as to give effect, if possible, to every part—*Thurber* v. *Battey,* 105 Mich 718; *Townsend* v. *Gordon,* 308 Mich 438 (151 ALR 1432). In construction of a will all the words therein must be taken into consideration—*Tonnelier* v. *Westin,* 302 Mich 213."

As stated in *Townsend* v. *Gordon, supra:*

"It is not necessary to cite authority that the established rules of law provide that the will must be read as a whole, that the intent of the testator must prevail, and that where there are bequests in the will as to the disposition of the residue, intestacy will not be presumed unless so provided by the will or the language or lack of language used necessitates such a result."

In *Hay* v. *Hay,* 317 Mich 370, 403, the Court adopted the headnote in the case of *Booth* v. *Krug,* 368 Ill 487 (14 NE2d 645, 117 ALR 1193), which reads:

" 'The presumption against intestacy is so strong that courts will adopt any reasonable construction of a will to avoid it, and it cannot be said there is a partial intestacy because the testator did not specifically devise his real estate to his trustees where the

concluding paragraph of the will names certain parties as trustees and executors 'to carry out and execute the provisions of this will.' "

In his will, Chapple provided for the payment of his just debts and funeral expenses, the erection of a monument at his place of burial, perpetual care of his family burial lot, legacies to an individual in England or his wife or son, to his church and other religious organizations connected with his denomination, a specific trust for his church so long as it should exist, and in the event that his estate should exceed the appraised value of $50,000, payment in full of such legacies and a reduction thereof in the event that his estate was appraised at less than this amount. He made an outright bequest of certain property to his daughter and her heirs and assigns forever, and established a trust of 3/5 of the residue of his estate for the benefit of his wife for her lifetime, with power of disposition of all or any part thereof by her last will and testament, and gave the remainder of the residue in trust under the language of the paragraph now in dispute. In that paragraph he made specific provision for the use of such portion as might go to Kalamazoo College, in that it was to be known as the Chapple Fund, with the "income therefrom to be used annually to aid needy and worthy students, male or female, such students to be selected by the board of trustees of said college." The remainder of the residue of this trust was to be divided into 6 equal parts to be added to certain legacies theretofore provided for in his will.

To say in the face of this careful disposition of his property, taking the will in its entirety, as we must, that Chapple did not intend these legatees to be benefited in certain events, would require us to completely disregard the specific language of the will. It may be that, under the analysis made by the

appellants, that there can be found a gap in the successive conditions precedent and prerequisite for the gift to Kalamazoo College and others, but it cannot be reasoned that this result was the clear intent of the testator. We therefore arrive at the same conclusion reached by the judge of probate in construing the will in its entirety. There were no grandchildren or great grandchildren surviving at the time of Chapple's daughter's death, and her mother was then deceased. Hence Kalamazoo College should receive, in accordance with the terms of paragraph 14 of the will, 1/2 of the residue of the trust thus created, and the other 1/2 should be distributed to the legatees named in the mentioned paragraph of the will.

The judgment of the trial court is affirmed. The cause is remanded for further proceedings in accordance with that judgment and the order and direction of the probate court. Costs to appellees.

DETHMERS, C. J., and ADAMS, BUTZEL, CARR, SHARPE, and REID, JJ., concurred.

BOYLES, J., did not sit.