# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* ESTATE AND TRUST OF ROBERT E.
WHITTON.

---

MOLLY MICHALUK,

        Petitioner-Appellant,

v

EDDIE WHITTON and RICHARD WHITTON,
Personal Representatives of the ESTATE OF
ROBERT E. WHITTON, and Successor Trustees
of the ROBERT E. WHITTON REVOCABLE
TRUST,

        Respondents-Appellees.

UNPUBLISHED
August 9, 2018

No. 341737
Oakland Probate Court
LC Nos. 2015-365021-DE;
        2016-372116-TV

---

Before:  RIORDAN, P.J., and K. F. KELLY and BOONSTRA, JJ.

PER CURIAM.

Petitioner appeals by right the probate court's order (1) denying her petition for immediate distribution under the Robert E. Whitton Trust (the trust), and (2) denying her petition for a determination that her distribution should not be reduced by any taxes.  We affirm.

## I.  PERTINENT FACTS AND PROCEDURAL HISTORY

Petitioner's father, Robert E. Whitton, created the trust in 1992, which was then restated in 2003.  Article VII of the trust governs how certain assets of the trust are to be distributed after Whitton's death, and provides that petitioner is to receive 33% of certain investment accounts. Whitton died in 2015.  In 2017, petitioner filed a petition for the immediate distribution of her share of the trust assets.  She also filed a petition asking that the probate court order that she had

-1-

no obligation to pay any portion of the taxes due on the estate, and that she be immediately be given her entire distributive share without any reduction for taxes.[1]

The probate court denied both of petitioner's petitions, stating:

> The language of the Trust is clear and unambiguous. Article VII, 1, A states that the Comerica Securities Accounts are to be distributed as directed by the Trust "after reducing such account by the federal and state estate or inheritance taxes on Grantor's estate attributable to such assets." This provision does not direct that the estate taxes are to be paid from these shares. It states that the amount of the bequest is the value of the shares after first being reduced by the amount of the federal and state estate or inheritance taxes attributable to those accounts. This provision does not conflict with the Will's direction that the estate taxes are to be paid from any residuary estate.
>
> Petitioner is requesting an immediate distribution of her bequest, however she has not provided the Court with the amount of the federal and state estate or inheritance tax to determine the amount of her bequest. Accordingly, the Court cannot grant the relief she is requesting.

This appeal followed.

## II. STANDARD OF REVIEW

"[A]t any time after an action has commenced, if the pleadings show that a party is entitled to judgment as a matter of law, the court must render judgment without delay. MCR 2.116(I)(1). In that regard, if no factual dispute exists, a trial court is required to dismiss an action when a party is entitled to judgment as a matter of law, and a motion for summary disposition is unnecessary." *In re Baldwin Trust*, 274 Mich App 387, 398-399; 733 NW2d 419 (2007), aff'd 480 Mich 915 (2007). In this case, neither party moved for summary disposition. However, both parties briefed the relevant questions, and the probate court, concluding that no relevant factual questions existed, interpreted the trust and rendered judgment. We thus treat the issue as having been decided under MCR 2.116(I)(1).

This Court "review[s] de novo a trial court's conclusion that a [party] is entitled to judgment as a matter of law under MCR 2.116(I)(1)." *Kenefick v Battle Creek*, 284 Mich App 653, 654; 774 NW2d 925 (2009). This Court reviews de novo questions regarding the proper interpretation of statutes and court rules, *Bint v Doe*, 274 Mich App 232, 234; 732 NW2d 156 (2007), as well as the proper interpretation of a will, *Estate of Stan*, 301 Mich App 435, 442; 839 NW2d 498 (2013).

---

[1] In Docket No. 337828, petitioner has filed a second appeal that addresses whether the probate court properly denied her petition for "instructions" regarding whether petitioner would violate an *in terrorem* clause in the trust were she to file a petition seeking to modify the distributive terms of the trust. That issue is not before us in this appeal.

## III.  ANALYSIS

Petitioner argues on appeal that the probate court erred by determining that the language of the trust required that the amount of relevant taxes be deducted from her bequest, and therefore by not immediately ordering the distribution of her share.  We disagree.

"In resolving a dispute concerning the meaning of a trust, a court's sole objective is to ascertain and give effect to the intent of the settlor." *In re Kostin Estate*, 278 Mich App 47, 53; 748 NW2d 583 (2008).  "This intent is gauged from the trust document itself, unless there in ambiguity." *Id*.  Thus, the specific words of a trust are the primary, and often only, source used by courts of this state to ascertain the settlor's intent. *In re Perry Trust*, 299 Mich App 525, 530; 831 NW2d 251 (2013); *Kostin Estate*, 278 Mich App at 53.  "The rules of construction applicable to wills also apply to the interpretation of trust documents." *In re Reisman Estate*, 266 Mich App 522, 527; 702 NW2d 658 (2005).  When interpreting a will, and thus a trust, courts may not rewrite clear and unambiguous language. *Id*.  "[W]here possible, each word should be given meaning." *Id*.  The language of a will, and thus a trust, "must be read as a whole . . . ." *Townsend v Gordon*, 308 Mich 438, 444; 14 NW2d 57 (1944).

The issue before us in this appeal boils down to whether petitioner is entitled to a distribution from the trust with or without reduction for taxes.  This requires our review of the pertinent governing instruments, i.e., Whitton's trust and will.  Relevant here is the following trust language:

### **ARTICLE VII**

A.  **Comerica Account [XXXXXXXXX].**[2]  If, at the time of Grantor's death there are assets in Grantor's *Comerica Securities accounts no. [XXXXXXX] and ORA-[XXXXX]* (herein the "Comerica Securities Accounts") then the Successor Trustees shall, after reducing such account by the federal and state estate or inheritance taxes on Grantor's estate attributable to such assets, take the actions specified below in paragraph (1) through (4).  Provided, however, if there is no such brokerage account at the time of Grantor's death then this bequest shall lapse and have no further force or effect on the remainder of Grantor's estate or the division of the remainder of the trust.

\* \* \*

(2)  **Trust for Molly Michaluk.**  After Grantor's death, if Grantor's daughter, Molly Kay Michaluk, is then living, the Successor Trustees shall place into a separate trust for her benefit (the "Molly Michaluk Trust") an amount equal to Thirty Three percent (33%) of the value of the stock and other securities in the Comerica Securities Accounts as of the date of Grantor's death.

---

[2] This Court has redacted the account numbers contained in the trust.

* * *

**(4) Remainder of Comerica Trust Account.** The remainder of the Comerica Securities Account including accrued but undistributed income shall be transferred and held and administered with the rest, residue and remainder of the trust under the following Paragraph B of this Article VII.

B. **Residuary Assets.** After Grantor's death and completion of the allocation to separate trusts of the amounts determined under paragraph A, subparagraphs (1), (2), (3) and (4) of this Article VII, the Successor Trustees shall divide the rest, residue and remainder of the assets of Grantor's Trust into equal shares, one for each of the following[.][3]

Article X of the trust directs respondents, as successor trustees, to pay Whitton's debts and other expenses, including taxes imposed on Whitton's estate:

## ARTICLE X

* * *

C. Debts of the Grantor, administration expenses attributable to the death of the Grantor, and death taxes imposed upon the estate of the Grantor which are the legal obligation of the trust estate under state or federal law, or the terms of this Agreement, shall be paid by the Successor Trustee. Further, if the Successor Trustee considers it to be in the best interest of the Grantor's estate, heirs or the beneficiaries of any trust created by this Agreement, the Successor Trustee may pay any portion of an estate, inheritance or succession tax (including interest or other additions thereto) that may be attributable to any of the assets belonging to or passing to any trust created by this Agreement, whether or not such tax is imposed upon such assets by law, and the Successor Trustee may pay any such tax which is directed by Will to be paid from the residue of Grantor's estate; in all such instances, however, such payments shall be made from assets which are not included in Grantor's estate for federal estate tax purposes; and if the Trust holds any U.S. Treasury Bonds that may be redeemed at par in payment of the federal estate tax, the Successor Trustee shall pay the federal estate tax with such bonds to the extent of the face amount of such bonds plus accrued interest to the date of redemption. The Successor Trustee shall pay all necessary and proper disbursements, expenses and liabilities in the administration of the trusts hereunder, including reasonable compensation of the Successor Trustee or its Successor.

---

[3] Portions of the residuary assets provision are redacted from the documents provided to the probate court and this Court.

Whitton's will provides in relevant part:

## ARTICLE I

I direct that all my legal debts, the expenses of my last illness, funeral and burial expenses, and the expenses of administering my estate, together with all estate, inheritance, legacy, succession or similar duties or taxes which shall become payable in respect of any property, or interest therein, which I may own at the time of my death, and which is properly included in my gross estate for any such taxation purposes, shall be charged to and paid from my residuary estate to the extent of such estate, as such and then to the extent of assets allocable or available to the Trust Agreement referred to in Article III, and if such allocable or available assets are not sufficient for the payment of such debts, taxes, expenses, etc., then my Personal Representative shall seek recovery or reimbursement from, or apportionment between or among the recipients of any devises; provided, however, that my Personal Representative shall be required to direct the payment of any taxes from the assets included in my gross estate for federal estate tax purposes which assets are held by any trust created by me during my lifetime and which trust includes U.S. Treasury Bonds that may be redeemed at par in payment of the federal estate tax. Any generation skipping tax assessed against a taxable distribution or taxable termination shall be charged against the transferred property and shall be paid by the fiduciary responsible for paying over such tax. . . .

* * *

## ARTICLE III

I give, devise and bequeath all the rest, residue and remainder of my property of whatever kind . . . all of which is herein referred to as my residuary estate, to my brothers, RICHARD WHITTON and EDDIE WHITTON, or their successors in trust, as Successor Trustees under a certain Agreement of Trust dated November 6, 1992 as amended and restated, most recently of even date herewith, executed by me as Grantor, to be held, managed and distributed upon the terms, provisions and conditions as provided in such Agreement of Trust as it now exists or as it may subsequently be amended. By this gift and devise it is my intention to enlarge the trust so created . . . .

Petitioner argued in the probate court that, under Whitton's will, the estate was responsible for paying taxes. The probate court, in its order denying the petitions, did not disagree, but identified the issue before it not as that of determining who is responsible for the payment of taxes, but rather as calculating petitioner's bequest. We agree with the approach and determination of the probate court.

Petitioner refers this Court to MCL 700.3921(4) and MCL 700.3922(2) and argues that these statutes require the estate (rather than her) to pay the taxes on her bequest.

MCL 700.3921(4) provides:

A direction to allocate and pay tax contained in a will is effective to allocate and pay tax even if the will does not control the devolution of property at death with respect to which the tax is being levied, including a direction in a will to allocate and pay tax from a trust of which the testator was the settlor and that was revocable by the settlor, or would have been revocable if the settlor was not incapacitated, until the settlor's death. If there is a conflict between directions in a will to allocate and pay tax and the terms of another governing instrument, the directions in the will control.

MCL 700.3922(2) provides:

Unless otherwise directed by the governing instrument, the personal representative shall pay the tax out of the estate, or if a personal representative is not acting under appointment, a person receiving or holding an interest generating the tax shall pay the tax.

Petitioner argues that these statutes indicate that there are no taxes attributable to her share of the accounts at issue (such that there would be no reduction under Paragraph A of Article VII of the trust). Specifically, petitioner maintains that because Whitton's will requires that taxes be paid out of the estate's residuary, and the will controls over the trust (even in the presence of a conflict), the taxes must be paid from the residuary of the estate. See *Detroit Bank & Trust Co v Grunewald*, 26 Mich App 495, 499; 182 NW2d 628 (1970) ("[W]here the directive clause of a trust conflicts with the unambiguous language of a will, the language of the will controls and payment of taxes should be made in accordance with the will.").

Whitton's will does direct that applicable taxes be paid out of the estate's residuary. That does not mean, however, that there are no taxes attributable to petitioner's bequest. MCL 700.3920(1)(b) makes it explicit that even if a tax is paid by the residuary of the estate, a portion of it may be "attributable" to a specific bequest:

(b) If a part of the property concerning which the tax is levied or assessed is held under the terms of an inter vivos trust, then, unless the governing instrument directs otherwise, the tax shall be charged as follows:

(*i*) If a portion of the trust is directed to pass or to be held in further trust by reference to a specific property or type of property, fund, money, or other nonresiduary form, *the net amount of the tax attributable to that portion shall be charged to and paid from the principal of the residuary share of the trust without requiring contribution from a person receiving or benefiting from the nonresiduary interest and without apportionment among the residuary beneficiaries.* If the residuary share of the trust is insufficient to pay the tax attributable to all nonresiduary interests, the balance of the tax shall be apportioned pro rata among the recipients of those interests generating the tax based on the value of those interests. [MCL 700.3920(1)(b)(*i*) (emphasis added).]

Therefore, petitioner is correct that both the will and MCL 700.3920 provide that the taxes owed must be paid from the estate's residuary. And she is also correct that the trust directs successor trustees, not petitioner, to effect payment of the taxes owed by the estate. But MCL 700.3920(1)(b)(*i*) also indicates that, despite the source of payment of the taxes being the estate's residuary without apportionment among beneficiaries, an amount of tax may still be "attributable" to a specific bequest.

Because an amount of tax may be attributed to the value of the Comerica account, there is no conflict between the trust, the will, and the relevant statutes. Nothing in the trust or will obligates petitioner to actually pay, on behalf of the estate, any of the taxes attributable to any portion of the Comerica account. Rather, the question is how to calculate petitioner's bequest and distribution under the terms of the trust.

Paragraph A(2) of Article VII of the trust directs respondents, as successor trustees, to "place into a separate trust" for petitioner's benefit "an amount equal to Thirty Three percent (33%) of the value of the stock and other securities in the Comerica Securities Accounts as of the date of Grantor's death."[4] If one reads only this language in isolation, it would appear that petitioner is to receive a percentage of the value of the Comerica accounts "as of the date of Grantor's death." No qualification is made that this amount is to be reduced by a proportionate share of taxes, or by any other figure.

But this reading of paragraph A(2) ignores what comes before it. This Court must interpret the trust as a whole, *Townsend*, 308 Mich at 444, giving meaning to every word to the extent that is possible, *Reisman Estate*, 266 Mich App at 527. Paragraph A of Article VII earlier explains that before taking any of the actions to be specified later in the trust, including the very creation of the trust for petitioner's benefit (under paragraph A(2) ), the successor trustees are to "reduc[e] such account [(i.e., the Comerica accounts)] by the federal and state estate or inheritance taxes on Grantor's estate attributable to such assets . . . ." The only way to give this language meaning is to first reduce the value of the Comerica accounts before calculating the amount of the bequest to be placed into trust for petitioner's benefit. The key trust language is that requiring that the reduction (for taxes) occur before taking any further actions under the trust. If we were to adopt petitioner's reading of the trust, this language would have no effect, because petitioner's share, and that of anyone else receiving a specific bequest under Article VII, would be determined in advance of the reduction that the trust requires occur beforehand.[5] We

---

[4] We note that the trust itself also recognizes that taxes may be "attributable" to bequests such as petitioner's. The trust documents provide that "if the Successor Trustee considers it to be in the best interest of the Grantor's estate, heirs or the beneficiaries of any trust created by this Agreement, the Successor Trustee may pay any portion of an estate, inheritance or succession tax (including interest or other additions thereto) that may be *attributable to any of the assets belonging to or passing to any trust created by*" the trust agreement. (Emphasis added.)

[5] This language of the trust does not conflict with the will's directive that taxes owed by the estate be paid out of the residuary; rather, the trust directs the successor trustees to determine the amount of petitioner's bequest by first reducing (by the amount of attributable taxes) the account

decline to render a portion of the trust language nugatory, and therefore affirm the probate court's decision. The probate court correctly determined that the relevant accounts needed to be reduced before calculating, establishing in trust, and distributing petitioner's bequest. It therefore also did not err by failing to immediately order the distribution of petitioner's bequest when it lacked the necessary information by which to do so.

Affirmed.

/s/ Michael J. Riordan
/s/ Kirsten Frank Kelly
/s/ Mark T. Boonstra

---

from which the bequest derives, and by leaving that amount in the residuary of the estate for payment of taxes according to the will.